10-3224-ag
Khan v. Holder

BIA
Reid, IJ
A098 929 668

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of May, two thousand twelve.

PRESENT:
ROSEMARY S. POOLER,
GERARD E. LYNCH,
*Circuit Judges.*[1]

_____

Zanas Khan,
*Petitioner*,

v.                                          10-3224-ag
                                            NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
*Respondent*.

_____

FOR PETITIONER:        Zanas Khan, *pro se*, Buffalo, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Douglas E. Ginsburg, Assistant Director; Paul Fiorino, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

---

[1] The Honorable Roger J. Miner, originally a member of the panel, died on February 18, 2012. The two remaining members of the panel, who are in agreement, have determined the matter. See 28 U.S.C. § 46(d); 2d Cir. IOP E(b); *United States v. Desimone*, 140 F.3d 457 (2d Cir. 1998).

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zanas Khan, a native and citizen of Pakistan, seeks review of a final order of removal, *In re Zanas Khan*, No. A098 929 668 (B.I.A. July 12, 2010). We assume the parties' familiarity with the underlying facts and procedural history. The only issue for review is whether the agency erred in denying Khan's applications for asylum, withholding of removal, and relief under the Convention Against Torture based on an adverse credibility determination.

Where the BIA issues its own decision and does not adopt the IJ decision, we review only the BIA decision. *See Huang v. Holder*, 591 F.3d 124, 127 (2d Cir. 2010). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165 (2d Cir. 2008). Because Khan filed his application for relief after May 11, 2005, we apply the

2

credibility standard imposed by the REAL ID Act of 2005

("REAL ID Act"), Pub. L. No. 109-13, Div. B, 119 Stat 302

(2005).  Under that standard, considering the totality of

the circumstances, an IJ may base an adverse credibility

determination on any inconsistencies or inaccuracies in an

asylum applicant's statements without regard to whether they

go "to the heart of the applicant's claim."  8 U.S.C.

§ 1158(b)(1)(B)(iii).

Substantial evidence supported the agency's adverse

credibility determination.  The Board identified three

inconsistencies or omissions in Khan's statements and

determined that the IJ had not erred in relying on them.

Our review of the record confirms that the Board accurately

described the discrepancies, and that the discrepancies

reasonably cast doubt on Khan's veracity.  In particular,

Khan's attachment to his asylum application described an

attack against Khan's brother that was precipitated by

Khan's expected attendance at his cousin's wedding, but Khan

failed to mention that attack at his 2006 hearing, even

after the IJ prompted him to provide any additional reasons

he feared return to Pakistan.

While Khan plausibly suggested that translation

difficulties contributed to the IJ's adverse determination,

the BIA was not compelled to credit that explanation because Khan had requested the Urdu interpreter and had not expressed an inability to understand her until after the IJ had denied relief.  *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).  Moreover, Khan failed to identify any specific inaccuracies in the IJ's determination attributable to translation error.

Finally, the Board did not err in basing its affirmance in part on Khan's failure to provide corroborating evidence. Once the IJ concluded that Khan was incredible, the IJ could require Khan to present reasonably available corroborating evidence to support his application.  *See Yan Juan Chen v. Holder*, 658 F.3d 246, 252 (2d Cir. 2011).

For the foregoing reasons, the petition for review is DENIED and the pending motion for a stay of removal is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4